FILED IN OPEN COURT
_February 23, 2009_
TIMOTHY M. O'BRIEN, CLERK
BY _Aaron Scheuer_
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-CR-20135-JWL |
| | ) | |
| **CURTIS MORGAN**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLEA AGREEMENT

The United States of America, by and through Special Assistant United States Attorney, Trent M. Krug, and Curtis Morgan, the defendant, personally and by and through defendant's counsel, John Jenab, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

### 1.   Defendant's Guilty Plea.

The defendant agrees to plead guilty to Count 1 of the Indictment.  Count 1 charges a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(iii), and 860(a), that is, distribution of more than five grams of a mixture or substance containing cocaine base ("crack cocaine"), within 1,000 feet of the real property comprising Bishop Ward High School, a private secondary school.  By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense.  The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment to which the defendant has agreed to plead guilty is not less than 5 years, nor more than 80 years imprisonment,

not more than a $4,000,000 fine, not less than 8 years of supervised release, and a $100 mandatory special assessment fee.  The government will move to dismiss Counts 2 and 3 of the Indictment at the time of sentencing.

2. **Factual Basis for the Guilty Plea.**    The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

On July 14, 2008, the defendant, Curtis Morgan, contacted undercover ATF (Bureau of Alcohol, Tobacco, Firearms and Explosives) agents and offered to sell narcotics.  During this time, the ATF operated a "store front" operation in Kansas City, Kansas.  ATF Special Agent Bruce Stukey posed as "Jake," the owner-operator of "Trader Jake's," a pawn shop type business (hereafter "store").  The store was located within 1000 feet of Bishop Ward High School, a private secondary school.

On July 14, 2008, at approximately 12:15 p.m., Special Agent Stukey telephonically contacted the defendant and requested two "eight balls" of crack cocaine.  At approximately 1:27 p.m., the defendant entered the store and sold two individual bags of crack cocaine to Special Agent Stukey.  The Agent paid the defendant $300 ($150 per bag) for the crack cocaine.  Both items were later tested by a forensic chemist and determined to contain a net weight of 6.2 grams cocaine base.

3. **Application of the Sentencing Guidelines.**    The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court.   The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the

offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay. The parties further agree to request a sentence within the guideline range determined to be appropriate by the Court. In other words, the United States will not request a sentence in excess of the high end of the guideline range and the defendant will not request a sentence below the low end of the guideline range. The parties understand this agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct**. The parties have agreed to the application of the Guidelines and, therefore, both the United States and the defendant understand that the conduct charged in any dismissed counts of the Indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count 1, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements**. In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

    a.  To not file any additional charges against the defendant arising out of the facts forming the basis for the present indictment;

    b.  To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty. However, the government's obligation concerning acceptance of responsibility is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice

as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to withdraw this recommendation without breaching this agreement;

c.    To not file an Enhancement Information, pursuant to Title 21, United States Code, Sections 851 and 841(b)(1)(A).

d.    To allow the defendant an opportunity to request a sentence at the low end of the applicable guideline range. The government will be recommending the high end of the applicable guideline range.

In the event the defendant breaches or violates this plea agreement or otherwise fails to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

6.    **Sentence to be Determined by the Court**.    The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

7. **Information Provided by Defendant**. The United States agrees not to use new information the defendant provides about the defendant's own criminal conduct except as specifically authorized by U.S.S.G. § 1B1.8. As such, this information may be revealed to the Court but may not be used against the defendant in determining the defendant's applicable guideline range or departing above his guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; (4) in the event there is a breach of this agreement; or (5) in determining whether and to what extent a downward departure as a result of a government motion pursuant to Title 18, U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 is warranted.

8. **Withdrawal of Plea Not Permitted**. The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

9. **Payment of Special Assessment**. The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The defendant agrees to deliver to the clerk of the court payment in the appropriate amount no later than the day of plea. If the defendant fails to make full payment of the special assessment the United States will no longer be bound by the provisions contained in Section 4(b) of this agreement. The burden of establishing an inability to pay the required special assessment lies with the defendant.

10. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742, affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582 (c)(2) and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

11. **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of

this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

**12.** **Full Disclosure by United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

**13.** **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**14.** **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement,

understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.


Date: 2/23/09

Trent M. Krug
Special Assistant U.S. Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730
Trent.Krug@usdoj.gov


Date: 2-23-09

Scott Rask
Supervisory Assistant U.S. Attorney



Date: 2/23/09

Curtis Morgan
Defendant


Date: 2/23/09

John Jenab
Attorney for Defendant Morgan
110 S. Cherry St. - Ste. 20
Olathe, Kansas 66061
(913) 390-5023
(913) 764-5539 - fax
jjenab@mindspring.com