# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                                          Case No. 08-20135-01-JWL

**Curtis Morgan,**

    **Defendant.**

## **MEMORANDUM & ORDER**

In February 2009, defendant Curtis Morgan entered a plea of guilty to distribution of more than five grams of cocaine base within 1000 feet of a school. Mr. Morgan was held accountable for just over 19 grams of cocaine base which, at the time, was sufficient to trigger a five-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B). Nonetheless, Mr. Morgan did not receive a statutory mandatory minimum sentence. He received a Guideline sentence based on a total offense level of 23 and a criminal history category of VI, resulting in a range of 92 to 115 months. The court sentenced Mr. Morgan to the low end of the range. In 2011, the court reduced Mr. Morgan's sentence to 77 months under Amendment 750, which provided a two-level reduction in the base offense level for crack cocaine offenses.

Mr. Morgan was released from custody in October 2013. His term of supervised release was revoked in April 2015 and Mr. Morgan was sentenced to a term of 24 months and two years of supervised release. In June 2018, Mr. Morgan's term of supervised release was again revoked and he was sentenced to a term of 21 months. He was not sentenced to a term of supervised release relating to that sentence. He is currently serving his revocation sentence.

This matter is presently before the court on Mr. Morgan's motion for appointment of counsel (doc. 60) to determine whether Mr. Morgan qualifies for relief under the First Step Act. His motion is denied. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994). "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Moreover, a review of the record reveals that Mr. Morgan would not be eligible for relief under the First Step Act. The First Step Act of 2018 retroactively applies the revised statutory penalties of the Fair Sentencing Act of 2010 which, as pertinent here, increased the threshold amount of cocaine base required to trigger a mandatory minimum five-year sentence under 21 U.S.C. § 841(b)(1)(B) from five grams to 28 grams. *United States v. Curtis*, 516 Fed. Appx. 706, 707 (10th Cir. 2013). Under the revised statutory penalties, Mr. Morgan would be sentenced under 21 U.S.C. § 841(b)(1)(C), a penalty provision that, under the facts presented here, does not carry a mandatory minimum term of imprisonment and carries a statutory maximum of twenty years imprisonment. The sentence imposed by the court was well below the statutory maximum. Mr. Morgan, then, is not entitled to relief under the First Step Act.

Finally, the court notes that because Mr. Morgan has already served his initial sentence, he cannot benefit from any sentence reduction in any event and any motion for relief under the First Step Act would appear to be moot. While some courts have recognized that a defendant's challenge to his or her sentence after release from custody but while still serving a term of supervised release is not moot, *see United States v. Epps*, 707 F.3d 337, 345 (D.C. Cir. 2013), Mr. Morgan has completed his initial sentence and did not receive a term of supervised release

in connection with his most recent revocation. For this independent reason, then, Mr. Morgan cannot show that he is eligible for a sentence reduction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Morgan's motion for appointment of counsel (doc. 60) is **denied**.

**IT IS SO ORDERED.**

Dated this 4th day of March, 2019, at Kansas City, Kansas.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge