# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                                                     Case No. 08-20135-01-JWL

**Curtis Morgan,**

    **Defendant.**

## **MEMORANDUM & ORDER**

This matter is presently before the court on defendant Curtis Morgan's motion for an order requiring the Bureau of Prisons to recalculate his sentence pursuant to section 102(b)(1) of the First Step Act of 2018, which amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable good conduct time from 47 to 54 days per year. *See United States v. Parker*, 2019 WL 2005652, at *1 (M.D. Penn. May 7, 2019). As will be explained, the motion is dismissed for lack of jurisdiction.

Because Mr. Morgan is challenging the BOP's computation of his good-time credit, his motion must be filed as a petition for habeas corpus under 28 U.S.C. § 2241 rather than as a post-judgment motion in Mr. Morgan's criminal case. *See United States v. Yates*, 2019 WL 1779773, at *2 (D. Kan. Apr. 23, 2019) (court construed defendant's motion under the FSA for time served, claiming that the BOP must recalculate his good time credits and give him 26 extra days credit, as a § 2241 habeas petition since defendant was challenging the BOP's computation of his good time credits) (citing *Warren v. United States*, 707 Fed. Appx. 509, 511 n.4 (10th Cir. 2017) ("If . . . a prisoner seeks to challenge certain 'matters that occur at prison, such as deprivation of good-

time credits and other prison disciplinary matters . . . affecting the fact or duration of the [prisoner's] custody,' that claim must be raised in a § 2241 application rather than a § 2255 motion.")); *accord Parker*, 2019 WL 2005652, at *1-2; *United States v. Parrett*, 2019 WL 1574815, at *2 (E.D. Wis. Apr. 11, 2019) ("[W]hen the good-time provisions of the [First Step Act] do go into effect, the proper vehicle for [the prisoner] to use to request relief (after exhausting administrative remedies) would be a petition for habeas corpus under . . . § 2241."); *Rizzolo v. Puentes*, 2019 WL 1229772, at *2 (E.D. Cal. Mar. 15, 2019) (findings and recommendation) (reasoning that prisoner properly brought claims under § 2241 based on BOP's purported failure to calculate his sentence in light of the First Step Act and his contention he should receive more time in a halfway house or home confinement).

A § 2241 petition must be filed in the judicial district where the defendant is incarcerated against the person who has custody over him. *See Lee v. Oliver*, 574 Fed. Appx. 846, 846-47 (10th Cir. Sept. 3, 2014); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Mr. Morgan is incarcerated at the Federal Correctional Institution in Pekin, Illinois, in the Central District of Illinois. The District of Kansas is not Mr. Morgan's district of confinement and, accordingly, the court lacks jurisdiction over the motion. Moreover, because Mr. Morgan has not actually filed a petition under § 2241 and paid the $5 filing fee (but, rather, has simply filed a motion in his closed criminal case), the court cannot transfer the motion to the Central District of Illinois. He must file a § 2241 petition, wholly separate from his criminal case, in the United States District Court for the Central District of Illinois.

2

**IT IS THEREFORE ORDERED BY THE COURT THAT** the defendant's motion for order (doc. 62) is dismissed for lack of jurisdiction without prejudice to refiling as a § 2241 petition in the Central District of Illinois.

**IT IS SO ORDERED.**

Dated this 22nd day of May, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
