**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**United States of America,**

      **Plaintiff,**

v.                                                        Case No. 08-20135-01-JWL

**Curtis Morgan,**

      **Defendant.**

## **MEMORANDUM & ORDER**

In June 2009, defendant Curtis Morgan entered a plea of guilty to distribution of cocaine base within 1000 feet of a school. The court sentenced Mr. Morgan to 97 months in prison, later reduced to 77 months, followed by eight years of supervised release. Mr. Morgan began his term of supervision in October 2013. His term of supervision was revoked in April 2015 and the court sentenced Mr. Morgan to 24 months in prison followed by two years of supervision. Mr. Morgan was released from custody in December 2016 and he began a new term of supervision. His second term of supervision was revoked in June 2018 and the court sentenced Mr. Morgan to 21 months in prison with no further supervision to follow. Mr. Morgan is presently in custody.

This matter is presently before the court on Mr. Morgan's pro se motion "to terminate supervised release." In that motion, Mr. Morgan asserts that he is entitled to immediate discharge based on the Supreme Court's plurality decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), which held that 18 U.S.C. § 3583(k), which mandates a minimum five-year term of imprisonment for certain supervised release violations committed by defendants who are "required to register under the Sex Offender Registration and Notification Act," 18 U.S.C. §

3583(k), is unconstitutional. *Haymond*, 139 S. Ct. at 2374. Because Mr. Morgan's revocation judgment was not imposed under 18 U.S.C. § 3583(k), *Haymond* provides him no relief. His motion must be denied.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** the defendant's motion to terminate supervised release (doc. 66) is denied.

**IT IS SO ORDERED.**

Dated this 21st day of August, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] Although Mr. Morgan's motion seeks to "terminate supervised release," it is clearly an attack on the revocation judgment that he is presently serving and, accordingly, should be construed as a § 2255 motion. Nonetheless, because the court may not recharacterize Mr. Morgan's motion as a § 2255 motion without notice to Mr. Morgan and because the motion plainly lacks merit, the court simply denies the motion as filed without resolving whether it should be construed as a § 2255 motion.